# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

RUTH BELTRAN,

     Plaintiff,

v.

                             Case No. 8:25-cv-2125-KKM-NHA

LORI CHAVEZ-DEREMER,
in her official capacity as Secretary
of the U.S. Department of Labor,

     Defendant.

## ORDER

On August 8, 2025, pro se plaintiff Ruth Beltran filed a complaint against Lori Chavez-DeRemer in her official capacity as Secretary of the Department of Labor. Compl. (Doc. 1). After Beltran failed to serve the defendant within ninety days, I provided Beltran with a two-week extension to complete service. (Doc. 8); *see* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Beltran again failed to prove service, and on November 26, 2025, I dismissed the action without prejudice and directed the clerk to close the case. (Doc. 9).

Over a week later, Beltran filed proof that a process server served the defendant on December 4, 2025. (Doc. 11). In a cover letter, Beltran explained that she was "late serving the Defendant due to the government shut down which lasted 43 days from October 1st to November 12," and because "[t]he Defendant's agency is one of the government agencies that was furloughed during the government shut down." (Doc. 11-1). Because the case was closed, the Court took no action on Beltran's untimely filing.

Beltran now moves under Federal Rules of Civil Procedure 59(e) and 60(b) for reconsideration and to reopen the case. Mot. (Doc. 12). Echoing her earlier cover letter, Beltran claims that "[a]s a direct result of the government closure, [she] was unable to complete service within the prescribed 90-day period." *Id.* at 1. She says that the shutdown "significantly limited access to government offices, court services, and service mechanisms necessary to effectuate service." *Id.* at 2.

Beltran fails to explain any "mistake, inadvertence, surprise, or excusable neglect" necessary to reopen the case under Rule 60(b)(1).[1] Despite

---

[1] To the extent that Beltran purports to rely on Rule 59(e), she failed to timely move within twenty-eight days of the order dismissing the case. That deadline cannot be extended, and the motion is converted to one under Rule 60(b). *See* FED. R. CIV. P. 6(b)(2) ("A court must not extend the time to act under Rule[] . . . 59(e)."); *Mahone v. Ray*, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (explaining that when a request to reconsider under Rule 59(e) is untimely, it will automatically be converted into a Rule 60(b) motion).

being expressly directed to complete service, (Doc. 8), Beltran neither complied nor notified the Court of her inability to do so. And contrary to her suggestion otherwise, the only "service mechanisms necessary to effectuate service" on a federal official sued in her official capacity are "registered or certified mail." *See* FED. R. CIV. P. 4(i)(1)–(2). Beltran provides no indication that such mechanisms were ineffective during the government shutdown, and her assertion is belied by the United States Postal Service's September 25, 2025 statement. *See* https://about.usps.com/newsroom/statements/092525-postal-service-not-affected-by-a-government-shutdown.htm [https://perma.cc/E8FK-VCNF] ("U.S. Postal Service operations will not be interrupted in the event of a government shutdown, and all Post Offices will remain open for business as usual."); *see, e.g.*, *R.S.B. Ventures, Inc. v. FDIC*, 514 F. App'x 853, 856 n.2 (11th Cir. 2013) (per curiam) (taking judicial notice of information found on a federal government website).

In any event, even were I to accept Beltran's late-filed proof of service, it is insufficient. "To serve a . . . United States officer . . . sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer." FED. R. CIV. P. 4(i)(2). In turn, a party can serve the United States by "registered or certified mail to the civil-process clerk at the United States attorney's office" in the district where the action is brought, and to the

3

"Attorney General of the United States." FED. R. CIV. P. 4(i)(1)(A)(i)–(ii). Beltran did neither of these latter two steps, nor does she offer any reason for failing to do so.

Accordingly, Beltran's Motion for Reconsideration (Doc. 12) is **DENIED.** If Beltran seeks to sue Secretary Chavez-DeRemer, she may do so by filing a new action and complying with the federal rules on service of process.

**ORDERED** in Tampa, Florida, on February 2, 2026.

Kathryn Kimball Mizelle
United States District Judge

4